UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARIA MBAKWE,**<br>c/o 1825 K Street NW, Suite 750<br>Washington, D.C. 20006<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CURIO HOLDINGS, LLC,**<br><br>　　　　　Defendant. | Case No.: 1:22-cv-882<br><br>JURY TRIAL DEMANDED<br><br>April 12, 2022 |

## COMPLAINT

COMES NOW Plaintiff MARIA MBAKWE, by and through her undersigned counsel, and brings this civil action against Curio HOLDINGS, LLC, ("Defendant" or "Curio") as follows:

## NATURE OF THE CASE

1. In April 2020, Plaintiff began working for Defendant as a Production Manager.

2. Despite excelling at her job, Plaintiff soon began suffering cruel and intimidating mistreatment at work from certain male colleagues based on her race (Black, Asian), gender (female), pregnancy, national origin (the Philippines), ethnicity (Black, Filipono), and in retaliation for protected EEO activity.

3. Although Plaintiff prevailed upon management to intervene, upon information and belief, they tolerated or excused the abuse she endured at work.

4. When Plaintiff became pregnant and suffered complications, she was forced to put herself and her unborn child at physical risk or suffer repercussions from management, who imposed onerous requirements on Plaintiff, prevented her from seeing her physician, and abused her because of her gender and pregnancy.

1

5. In November 2020, Plaintiff reported threatening and derogatory behaviors exhibited by male managers.

6. As Plaintiff continued to have her requests to take leave to visit her obstetrician denied, hostile male managers began openly stating that she was a target for termination, creating a hostile and unsafe working environment for her.

7. In February of 2021, shortly after complaining of discrimination and putting in a request for leave so that she could finally attend a prenatal physician's appointment, Plaintiff was terminated for pretextual reasons.

## VENUE AND JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. Section 200e-5(f), et seq., and 42 U.S.C. 1981(a).

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the violations giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

10. At all relevant times herein, Defendant employed Plaintiff within the meaning and subject to the protections of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act, Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.* ("MCRL"), as amended by the Maryland Reasonable Accommodations for Disabilities Due to Pregnancy Act, Md. Code Ann., State Gov't § 20-609, *et seq.*, ("MRADDPA") and the Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 et seq. ("BCHRO").

11. Plaintiff resides in Millersville, MD, and formerly worked for Defendant in Lutherville, Baltimore County, Maryland.

12. Curio Holdings, LLC is an employer of more than 200 individuals registered at One Olympic Place, Suite 1200, Towson, MD 21204. Curio maintains a production facility located at 5 W. Aylesbury Road, Lutherville Timonium, MD 21093.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination (Charge No. 531-202-02434) with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 25, 2021.

14. On March 17, 2022, the EEOC issued Plaintiff a Notice of Right to Sue letter.

15. Plaintiff timely filed this Complaint within 90 days of receiving her Notice of Right to Sue.

## STATEMENT OF FACTS

16. In April 2020, Plaintiff began working for Defendant as a Production Manager.

17. General Manager Aaron Phillips was hired in September 2020 and served as Plaintiff's supervisor.

*Plaintiff informs Defendant that she is pregnant.*

18. On or about October 20, 2020, Plaintiff told Mr. Phillips that she was pregnant.

19. Shortly thereafter, Plaintiff overheard Mr. Phillips tell Barbara Grimsley, Director of Operations, that Plaintiff was a liability because he could not work with pregnant women.

20. In or around October 2020, plaintiff told Adrienne Mitchell that she had a complicated pregnancy.

21. Ms. Mitchell told Plaintiff that she should obtain paperwork from her physician to obtain disability accommodations.

22. In accordance with Ms. Mitchell's guidance, Plaintiff requested time off to see her obstetrician to obtain the paperwork she needed to receive a reasonable accommodation; Plaintiff was unable to obtain the required paperwork without making an in-person visit to

3

her physician.

23. However, when Plaintiff requested time off to see her obstetrician, Defendant consistently asked her to cancel or reschedule because, they said, Defendant was in a busy period. As a result of Defendant's actions, Plaintiff was unable to see her obstetrician during her employment with Defendant and so was functionally prevented from receiving an accommodation.

24. For instance, around November 23, 2020, Mr. Phillips denied Plaintiff's request for time off for a doctor's appointment because "production need[ed]" her. Again, around December 19, 2020, Mr. Phillips denied Plaintiff time off to see her doctor.

25. Plaintiff reported to Ms. Mitchell that her leave requests were continuously denied by Mr. Phillips, but to no avail.

26. Upon information and belief, non-pregnant individuals were allowed to take time off for doctor's appointments.

### *Defendant belittles Plaintiff because of her gender.*

27. In November 2020, Mr. Phillips told Plaintiff she was incompetent because she was "young and female."

28. During a meeting on November 6, 2020, Mr. Phillips told female managers that "if [he] had a choice, [Plaintiff] would have been fired long ago" and "[he] do[es]n't hire young females for positions of authority," or words to that effect.

29. On or about November 6, 2020, Mr. Phillips instructed the female managers to call him "daddy" or "papa."

30. On or about November 17, 2020, Mr. Philips made a similar comment, requesting at the end of a shift meeting where only women were present that his teams call him "daddy" or

"papa." When Plaintiff refused, Mr. Phillips became aggressive, stating that "youngins" like Plaintiff do not follow direction.

31. Because of Mr. Phillips's insulting and hostile behavior, Plaintiff reported him to Barry Williams in Human Resources.

32. On or about November 13, 2020, Mr. Phillips escalated his hostile and discriminatory behavior when he threatened to punch Plaintiff by clenching his fist and putting it very close to her face. He made this threat after Plaintiff stated she could not lift a bag weighing approximately 50 pounds on account of her pregnancy.

33. On or about November 13, 2020, Plaintiff reported Mr. Phillips's threat to Ms. Grimsley and Human Resources.

34. Ms. Grimsley told Plaintiff that she would speak with Mr. Phillips because she had received other reports of Mr. Phillips making a similarly threatening gesture to other female managers. Even still, Ms. Grimsley attempted to downplay Mr. Phillips's behavior, stating that "maybe that is a habit" of his.

35. In continued attempts to harass Plaintiff, Mr. Phillips began calling Plaintiff during her lunch break to ask when she was returning to work, thereby preventing her from taking the hour-long lunch break afforded to her by company policy. Upon information and belief, Mr. Phillips did not do this to male employees.

*Defendant subjects Plaintiff to race and national origin discrimination.*

36. In or around October 2020, Jay Allen, Defendant's Site Quality Control Manager, began subjecting Plaintiff to hostile comments and body language based on her race and national origin.

37. On or about October 8, 2020, Mr. Allen screamed at Plaintiff for being late to a meeting

and derided her accent, English-speaking ability, and national origin, saying to her, "Why do you speak that way? Do you even speak English? How do your people behave? Over here, we don't speak that way," or words to that effect.

38. On or about October 8, 2020, Plaintiff reported Mr. Allen's behavior to Ms. Grimsley.

39. However, like other instances in which Defendant ignored Plaintiff's mistreatment, Ms. Grimsley's only response was that she did not think that Mr. Allen meant his comment to be discriminatory.

40. Upon information and belief, Ms. Grimsley did not report Plaintiff's discrimination complaint to Human Resources.

***Defendant takes retaliatory actions against Plaintiff because she participated in protected EEO activity.***

41. On or about November 30, 2020, Mr. Phillips told Plaintiff that "someone" in Human Resources told him that Plaintiff was a "target to be fired" and that they wanted to "get rid of" Plaintiff with no supporting reason; following this comment, Defendant took many retaliatory actions against Plaintiff.

42. On or about November 30, 2020, Mr. Phillips moved Plaintiff's desk under an air conditioner that was known to leak cold water. Plaintiff addressed the leak with Mr. Phillips and Ms. Grimsley, informing them that she had health issues that could be exacerbated by sitting under the unit.

43. Both Mr. Phillips and Ms. Grimsley dismissed Plaintiff, telling her that she should not be sitting down at work, even though they both knew she was pregnant.

44. Plaintiff again attempted to rectify the problem by emailing Mr. Williams in Human Resources about the issue. However, Defendant continued to be unresponsive to Plaintiff's

requests.

45. After lodging complaints against management to no avail, Plaintiff realized at the end of 2020 that she was the only manager not to receive a bonus that year. However, when she asked why she did not get a bonus that year, Ms. Grimsley and Mr. Williams delayed the matter by consistently putting off Plaintiff's inquiry.

46. On or about December 11, 2020, Mr. Philips again made a threatening motion at Plaintiff with his fist; Plaintiff reported this incident to Mr. Williams and Ms. Grimsley in Human Resources, and they dismissed her concerns.

47. On or about December 19, 2020, Mr. Philips again denied Plaintiff time off to see her doctor for a medical appointment.

48. On or about December 29, 2020, Joe Hopkins, a manager of Distribution, threatened Plaintiff and cursed at her, using the word "fuck," and saying he "do[es]n't dick around."

49. On or about January 22, 2021, Plaintiff was again denied leave to attend a doctor's appointment related to her pregnancy.

50. Plaintiff had previously reported to a former Human Resources employee, Adrienne "L.N.U.," that her working conditions were causing her stress. Adrienne "L.N.U." suggested that Plaintiff obtain a letter from her doctor and request a reasonable accommodation. Plaintiff explained that her efforts to make doctor's appointments to obtain such a letter were continually thwarted by Mr. Phillips, who denied her leave requests and thereby made obtaining such a letter impossible.

51. On or about January 27, 2021, Mr. Phillips forced Plaintiff to climb a ladder and use bleach to dispose of expired products. This caused Plaintiff's vision to blur and for her to vomit on the way home from work.

*Defendant terminates Plaintiff.*

52. Ms. Grimsley asked Plaintiff to send her a written job description and suggested that Plaintiff move under Mr. Ryder's supervision.

53. On or about February 2, 2021, two new male managers toured the building. Plaintiff was not introduced to them, and given Defendant's treatment of her, began to suspect that one of the new managers introduced to everyone except for her was her replacement.

54. On February 3, 2021, Plaintiff again asked Ms. Grimsley if she could have time off for a pregnancy-related doctor's appointment; Ms. Grimsley never granted this request.

55. On February 4, 2021, Plaintiff emailed Mr. Williams and Ms. Grimsley to detail numerous instances of harassment and discrimination.

56. On February 5, 2021, before Plaintiff could see her doctor or proceed further with her complaints against Defendant, Defendant terminated Plaintiff.

57. To justify its actions, Defendant said it terminated Plaintiff because of an incident on January 28, 2021, arguing that Plaintiff had been coached on her behavior several times in the 30 days leading up to her termination.

58. However, even though defendant claims many alleged disciplinary issues with Plaintiff within the last 30 days before her termination, the only written notice of corrective action is her termination letter; Plaintiff was never issued a Performance Improvement Plan.

59. In fact, Plaintiff was promoted shortly after the conclusion of her 90-day trial period.

60. The only employment action related to Plaintiff that had occurred in the 30 days leading up to her termination was 1) she requested time off for a doctor's appointment related to her pregnancy and 2) she complained about Defendant's treatment of her.

**COUNT 1**:

**(Pregnancy discrimination in violation of the Pregnancy Discrimination Act).**

61. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

62. Defendant terminated Plaintiff's employment because of Plaintiff's pregnancy.

63. Defendant treated Plaintiff worse than other similarly situated employees because of her pregnancy.

64. By and through its conduct, Defendant violated the Pregnancy Discrimination Act.

65. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 2:

**(Pregnancy discrimination in violation of the Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*, as amended by the Maryland Reasonable Accommodations for Disabilities Due to Pregnancy Act).**

66. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

67. Defendant terminated Plaintiff's employment because of Plaintiff's pregnancy.

68. Defendant treated Plaintiff worse than other similarly situated employees because of her pregnancy.

69. By and through its conduct, Defendant violated Maryland's Civil Rights Law.

70. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 3:

**(Sex Discrimination in Violation of Title VII).**

71. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

72. Defendant terminated Plaintiff's employment because of Plaintiff's sex.

73. Defendant treated Plaintiff worse than other similarly situated employees because of her sex.

74. Through these actions and those listed above, Defendant violated Title VII.

75. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### COUNT 4:

**(Sex Discrimination in Violation of Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 *et seq.*).**

76. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

77. Defendant terminated Plaintiff's employment because of Plaintiff's sex.

78. Defendant treated Plaintiff worse than other similarly situated employees because of her sex.

79. By an through its conduct, Defendant violated Baltimore County's Human Relations Ordinance.

80. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### COUNT 5:

**(Sex Discrimination in Violation of Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*).**

81. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

82. Defendant terminated Plaintiff's employment because of Plaintiff's sex.

83. Defendant treated Plaintiff worse than other similarly situated employees because of her sex.

84. By and through its conduct, Defendant violated Maryland's Civil Rights Law.

85. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 6:

**(Retaliation for prior protected activity in violation of Title VII).**

86. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

87. Plaintiff engaged in protected EEO activity under Title VII when she made a complaint to Defendant's EEO office regarding how Defendant treated her in relation to her race, national origin, gender, and pregnancy.

88. On February 5, 2021, Defendant took adverse action Plaintiff when it terminated her employment, only a day after she lodged her last complaint against Defendant.

89. Defendant terminated Plaintiff's employment because of her protected EEO activity.

90. By and through its conduct, Defendant violated Title VII.

91. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 7:

**(Retaliation for prior protected activity in violation of the Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 *et seq.*).**

92. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

93. Plaintiff engaged in protected EEO activity under Title VII when she made a complaint to Defendant's EEO office regarding how Defendant treated her in relation to her race, national origin, gender, and pregnancy.

94. On February 5, 2021, Defendant took adverse action Plaintiff when it terminated her employment, only a day after she lodged her last complaint against Defendant.

95. Defendant terminated Plaintiff's employment because of her protected EEO activity.

96. By and through its conduct, Defendant violated Baltimore County's Human Relations Ordinance.

97. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 8:

**(Retaliation for prior protected activity in violation of Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*).**

98. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

99. Plaintiff engaged in protected EEO activity under Title VII when she made a complaint to Defendant's EEO office regarding how Defendant treated her in relation to her race, national origin, gender, and pregnancy.

100. On February 5, 2021, Defendant took adverse action Plaintiff when it terminated her employment, only a day after she lodged her last complaint against Defendant.

101. Defendant terminated Plaintiff's employment because of her protected EEO activity.

102. By and through its conduct, Defendant violated the Maryland Civil Rights Law.

103. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 9:

**(Race discrimination in violation of 42 U.S.C. § 1981).**

104. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

105. Defendant terminated Plaintiff's employment because of Plaintiff's race.

106. Defendant treated Plaintiff worse than other similarly situated employees because of her race.

107. By and through its conduct, Defendant violated 42 U.S.C. § 1981.

108.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 10:

**(Race discrimination in violation of Title VII).**

109.     Plaintiff realleges and incorporates by reference paragraphs 1 – 54, as if fully set forth herein.

110.     Defendant terminated Plaintiff's employment because of Plaintiff's race.

111.     Defendant treated Plaintiff worse than other similarly situated employees because of her race.

112.     By and through its conduct, Defendant violated Title VII.

113.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 11:

**(Race discrimination in violation of the Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 *et seq.*).**

114.     Plaintiff realleges and incorporates by reference paragraphs 1 – 54, as if fully set forth herein.

115.     Defendant terminated Plaintiff's employment because of Plaintiff's race.

116.     Defendant treated Plaintiff worse than other similarly situated employees because of her race.

117.     By and through its conduct, Defendant violated the Baltimore County Human Relations Ordinance.

118. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### COUNT 12:

**(Race discrimination in violation of Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*).**

119. Plaintiff realleges and incorporates by reference paragraphs 1 – 54, as if fully set forth herein.

120. Defendant terminated Plaintiff's employment because of Plaintiff's race.

121. Defendant treated Plaintiff worse than other similarly situated employees because of her race.

122. By and through its conduct, Defendant violated the Maryland Civil Rights Law.

123. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### COUNT 13:

**(National origin discrimination in violation of 42 U.S.C. § 1981).**

1. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

2. Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

3. Defendant treated Plaintiff worse than other similarly situated employees because of her national origin.

4. By and through its conduct, Defendant violated 42 U.S.C. § 1981.

5. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

**COUNT 14**:

**(National origin discrimination in violation of Title VII).**

6. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

7. Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

8. Defendant treated Plaintiff worse than other similarly situated employees because of her national origin.

9. By and through its conduct, Defendant violated Title VII.

10. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

**COUNT 15**:

**(National origin discrimination in violation of the Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 *et seq.*).**

11. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

12. Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

13. Defendant treated Plaintiff worse than other similarly situated employees because of her national origin.

14. By and through its conduct, Defendant violated the Baltimore Country Human Relations Ordinance.

15. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

**COUNT 16**:

**(National origin discrimination in violation of Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*).**

16. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

17. Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

18. Defendant treated Plaintiff worse than other similarly situated employees because of her national origin.

19. By and through its conduct, Defendant violated the Maryland Civil Rights Law.

20. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 17:

**(Ethnicity discrimination in violation of Title VII).**

21. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

22. Defendant terminated Plaintiff's employment because of Plaintiff's ethnicity.

23. Defendant treated Plaintiff worse than other similarly situated employees because of her ethnicity.

24. By and through its conduct, Defendant violated Title VII.

25. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

## COUNT 18:

**(Ethnicity discrimination in violation of the Baltimore County Human Relations Ordinance, Baltimore County, Maryland, Municipal Code §§ 29-1-101 *et seq.*).**

26. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

27. Defendant terminated Plaintiff's employment because of Plaintiff's ethnicity.

28. Defendant treated Plaintiff worse than other similarly situated employees because of her ethnicity.

29. By and through its conduct, Defendant violated the Baltimore County Human Relations Ordinance.

30. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### COUNT 19:

**(Ethnicity discrimination in violation of Maryland Civil Rights Law, Md. Code Ann., State Gov't § 20-601 *et seq.*).**

31. Plaintiff repeats and realleges paragraphs 1 – 54, as if fully set forth herein.

32. Defendant terminated Plaintiff's employment because of Plaintiff's ethnicity.

33. Defendant treated Plaintiff worse than other similarly situated employees because of her ethnicity.

34. By and through its conduct, Defendant violated the Maryland Civil Rights Law.

35. As a result of Defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, pain and suffering, and emotional distress.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendant on all Counts, and award Plaintiff $500,000 consisting of lost wages and benefits; compensatory damages for emotional distress, mental anguish, and pain and suffering; punitive damages; liquidated damages in an amount equal to Plaintiff's lost wages, benefits, and other compensation; an amount equal to the tax on any award; costs; attorney's fees; and any such other relief as the Court deems just and proper.

Respectfully submitted,<br>
Alan Lescht and Associates, P.C.<br>
<br>
/s/ Conor Ahern<br>
Conor Ahern (#24109)<br>
1825 K Street, N.W.<br>
Suite 750 Washington, D.C. 20006

 Tel:  (202) 463-6036
 Fax: (202) 463-6067
 conor.ahern@leschtlaw.com
 *Counsel for Plaintiff*

## **RULE 1-313 CERTIFICATE**

I certify that I am admitted to practice law in the state of Maryland.

/s/ Conor Ahern
*Counsel for Plaintiff*
